13 CIV 4070

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALI ALGATABI,

                              Plaintiff,

    -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICERS
JOHN DOE NUMBERS 1-5 and NEW YORK CITY
DEPARTMENT OF CORRECTION,

                              Defendants.
------------------------------------------------------------X

Civil Action No.:

COMPLAINT

JURY TRIAL
DEMANDED

      Plaintiff, ALI ALGATABI, by his attorney, George T. Peters, Esq., complaining of the defendants herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    ALI ALGATABI brings this action for compensatory damages, punitive damages and attorney's fees pursuant to defendants' violation of his civil rights secured by 42 U.S.C. § 1983, 1985, 1986 and 1988, by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the State of New York. ALI ALGATABI is a forty-one (41) year old male, resident of the County of Kings, State of New York.

    2.    ALI ALGATABI was deprived of his constitutional and common law rights when defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and NEW YORK CITY DEPARTMENT OF CORRECTION through its agents, employees and/or officers falsely arrested and/or falsely imprisoned ALI AGATABI, were negligent in ignoring that ALI ALGATABI was severely injured, were negligent in not allowing ALI ALGATABI to see medical personnel and caused ALI

ALGATABI to become further physically, psychologically and emotionally injured. CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and NEW YORK CITY DEPARTMENT OF CORRECTION were negligent in hiring, retaining and not properly training and supervising its employees.

## JURISDICTION

3. This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 29 U.S.C. §§1331 and 1343 and the aforementioned statutory and constitutional provisions.

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) because the claims arose in this district.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff ALI ALGATABI is a male resident of the County of Kings in the

2

State of New York.

8. Defendant CITY OF NEW YORK (hereinafter referred to as "CITY") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of its agencies, New York Police Department officials, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by its agencies.

9. Defendant, CITY, employs police officers through the NEW YORK CITY POLICE DEPARTMENT (hereafter referred to as "NYPD") and as such is responsible for the practices, policies, and customs of the NYPD.

10. At all time relevant herein, defendants Police Officers JOHN DOE NUMBERS 1-5 (hereafter referred to as "PO JOHN DOES"), UNKNOWN AND INTENDED TO BE NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRANCES HEREIN were employees of the NYPD. At all time herein, they were acting in the capacities of agents, servants and employees of defendants CITY and NYPD.

11. At all times relevant herein, the individual police officer defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of defendant NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of defendant NYPD.

12. Defendant, CITY, employs correction officers through the NEW YORK DEPARTMENT OF CORRECTION (hereafter referred to as "DOC") and as such is responsible for the practices, policies, and customs of the DOC.

## STATEMENT OF FACTS

13. On or around December 16, 2011, ALI ALGATABI was arrested and was charged with the rape of a minor female.

14. ALI ALGATABI was imprisoned in Riker's Island while awaiting disposition.

15. ALI ALGATABI was slashed in his right eye before entering Riker's Island and was seeing a doctor because of his limited eyesight after.

16. ALI ALGATABI's doctors were trying to save his eyesight in his right eye.

17. ALI ALGATABI became blind in his right eye while in Riker's Island due to not receiving medical treatment while imprisoned.

18. THE CITY OF NEW YORK case against ALI ALGATABI was dismissed on May 4, 2012.

19. On or around May 11, 2012, ALI ALGATABI was detained by ICE for for green card transgressions.

20. ICE held ALI ALGATABI until April 12, 2013.

21. ALI ALGATABI filed a notice of intention to file a claim with on the New York City Office of the Comptroller in July 2012.

22. The New York City Office of the Comptroller mailed an acknowledgement of receipt on or around July 27, 2012.

23. At all times mentioned herein, defendants acted intentionally, willfully, maliciously, negligently and with reckless disregard for and deliberate indifference to ALI ALGATABI's rights.

## FIRST CAUSE OF ACTION
## Violation of Plaintiff's Federal Constitutional Rights
## New York Police Department False Arrest

24. Plaintiff ALI ALGATABI repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 23 with the same force and effect as if more fully set forth at length herein.

25. As a direct and proximate result of the defendant NYPD's actions, ALI ALGATABI was deprived of rights and privileges and immunities secured, but not limited to his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. §1983 to be secure in his person, to be protected against cruel and unusual punishment, to be provided with humane condition of confinement, and to equal protection of the laws.

26. The defendants' actions in participating in, executing causing to be executed, failing to intervene to cause the cessation of, approving or ratifying the arrest of the plaintiff ALI ALGATABI violated the civil rights of plaintiff pursuant to the First, Fourth and Fourteenth Amendments to, and the Due Process Clause of the United States Constitution.

27. Defendants CITY and NYPD have adopted municipal policies, practices and customs that have caused the violation complained of herein; and in the alternate have actual or constructive notice of a pattern of constitutional violations described

5

herein and have failed to take action, thereby allowing the continuation of such a police or custom, and causing the harms complained herein.

28. Defendants actions were undertaken under the color of law and would not have existed but for said defendants' use of their official power.

29. The acts and omissions of the CITY and NYPD defendants violated the constitutional rights of the plaintiff ALI ALGATABI.

30. Defendants CITY and NYPD have tolerated and failed to discipline and/or train officers regarding unlawful conduct towards persons, including specifically false arrest, thereby causing the violations complained of herein.

31. As a result of the aforesaid violation of ALI ALGATABI's rights, he has sustained emotional, physical, psychological injuries and damages previously described in this complaint.

32. That by reason of the foregoing, ALI ALGATABI suffered serious physical and/or emotional injuries all to his damages in the sum of One Million Dollars ($1,000,000.00) as to plaintiff.

## SECOND CAUSE OF ACTION
### False Imprisonment

33. Plaintiff ALI ALGATABI repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 32 with the same force and effect as if more fully set forth at length herein.

34. At all times relevant herein all defendants acted with the intention of confining ALI ALGATABI within fixed boundaries, the act directly or indirectly resulted in confinement, and ALI ALGATABI was conscious of the confinement.

35. Defendants imposed by force or threats an unlawful restraint upon plaintiff

ALI ALGATABI's freedom of movement, to wit by arresting and handcuffing his hands behind his back, transporting him to a facility where he was detained in a cell.

36. As a direct and proximate result of the conduct of Defendants, ALI ALGATABI suffered harm and damages including but not limited to the aforesaid damages.

37. Defendants CITY, NYPD and DOC are liable under the doctrine of respondeat superior.

38. As a result of the foregoing, ALI ALGATABI seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

### THIRD CAUSE OF ACTION
### Department Of Correction Negligence

39. Plaintiff ALI ALGATABI repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

40. The above-mentioned acts and conduct committed by the individual correction officer defendants constituted negligence for their failure to get ALI ALGATABI the medical attention he needed, failure to follow DOC rules and procedure and failure to otherwise handle the situation properly pursuant to the procedures and guidelines set forth by the DOC, despite having reasonable opportunity to do so.

41. The defendants CITY and DOC, their agents, servants or employees acted negligently, carelessly and recklessly in allowing ALI ALGATABI's rights to be violated.

42. As a result of the aforesaid, ALI ALGATABI sustained the injuries and damages previously described in this complaint.

43. As a result of the foregoing, ALI ALGATABI seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## FOURTH CAUSE OF ACTION
### Malicious Prosecution

44. Plaintiff ALI ALGATABI repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 43 with the same force and effect as if more fully set forth at length herein.

45. THE CITY OF NEW YORK instituted criminal process against the plaintiff with malice.

46. The charges were not based upon probable cause, that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that ALI ALGATABI was guilty.

47. Defendants have a duty to ascertain whether there was reasonable and probable cause for a prosecution.

48. Defendants breached their duty.

49. The criminal proceeding was terminated in favor of ALI ALGATABI when the charges were dismissed by the Court.

50. As a result of the foregoing, ALI ALGATABI seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against all defendants as follows:

(1) On the FIRST CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(2) On the SECOND CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(3) On the THIRD CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(4) On the FOURTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(5) That Plaintiff recovers the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988; and

(6) That Plaintiff has such other and further relief, as this Court shall deem just and proper.

Dated: June 10, 2013
      New York, New York

                                            /s/ GEORGE T. PETERS
                                      GEORGE T. PETERS, ESQ (GP2661)
                                      Law Office of George T. Peters
                                      Plaintiff's Attorney
                                      402 W. 145th Street, 2nd Floor
                                      New York, New York 10031
                                      (347) 751-0157
                                      George.Peters@myatty1.com

# JS-44 CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**

Ali Algatabi

**DEFENDANTS**

City of New York, New York City Police Department, New York City Police Officers John Doe Numbers 1-5, New York City Department of Correction

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**

Law Office of George T. Peters
402 West 145th Street, 2nd Floor
New York, NY 10031

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Has this or a similar case been previously filed in SDNY at any time? No [ ]  Yes [X]  Judge Previously Assigned _____

If yes, was this case  Vol. [ ]  Invol. [ ]  Dismissed.  No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

Is THIS AN INTERNATIONAL ARBITRATION CASE?    No [X]    Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)                **NATURE OF SUIT**

TORTS

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[X] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

**ACTIONS UNDER STATUTES**

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

_Check if demanded in complaint:_

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [ ] YES  [X] NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY)               **ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from (Specify District)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

☐ a. all parties represented
☐ b. At least one party is pro se.

(PLACE AN x IN ONE BOX ONLY)    **BASIS OF JURISDICTION**    IF DIVERSITY, INDICATE CITIZENSHIP BELOW.

☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY)   ☐ 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

4023 5th Avenue, Brooklyn, NY 11232

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

City of New York
Corporate Counsel
100 Church Street
New York, NY 10007

New York City Police Dept
1 Police Plaza
New York, NY 10038

New York City Dept
of Correction
100 Church Street
New York, NY 10007

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:  THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☒ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE 06/13/2013   SIGNATURE OF ATTORNEY OF RECORD
RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
☒ YES (DATE ADMITTED Mo. 11   Yr. 2005)
Attorney Bar Code # GP22661

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)